**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02224-RM-NYW

ANNE DIRKSE,

    Plaintiff,

v.

ALTICAST INC., and
ALTICAST CORP.,

    Defendants.

---

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

---

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, the term "document" shall include, without limitation, any electronic or hard copy emails, writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained. *See* Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. As used in this Protective Order, "Protected health information" shall have the same scope and definition as set forth in 45. C.F.R § 160.103 and 164.501. Protected health information includes, but is not limited to health information, including demographic

information, relating to either (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

4. As used in this Protective Order, "Covered Entities" are those entities defined by 45 C.F.R. § 160.13.

5. As used in this Protective Order, "Lawsuit" means this action and any appeals therefrom.

6. As used in this Protective Order, "Confidential Information" means (a) Documents and other information that the producing party or nonparty designates as confidential in the manner set forth below; (b) deposition testimony and deposition exhibits in this Lawsuit that any party or nonparty designates as confidential in the manner set forth below; and (c) responses to any discovery requests, including responses to interrogatories, document requests, and requests for admissions, inspections, examinations of premises, facilities and physical evidence, witness interviews, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by and among the parties to this Lawsuit that any party or nonparty designates as confidential in the manner set forth below.

7. A producing party may designate as Confidential Information any Document or information that ~~it~~ <u>counsel of record has reviewed and</u> has determined in good faith <u>that such document or information</u> consists of or relates to the following: medical records of any Covered Entity, Protected Health Information, some personnel records, tax records, and social security records in connection with this Lawsuit.

2163818.2

8.     CONFIDENTIAL documents, materials, and/or information shall not, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

(a)    attorneys actively working on this case;

(b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)    the parties, including designated representatives for Alticast, Corporation and Alticast, Inc.;

(d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for depositions, preparation, trial or other proceedings in this case;

(e)    the Court and its employees;

(f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)    witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the document is necessary in connection with such testimony; and

(h)    other persons by agreement of all the parties.

9. Prior to disclosing any CONFIDENTIAL documents to individuals within 8(d), 8(g) and 8(h) listed above, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment, in the form attached hereto as the Acknowledgement of Receipt of Confidential Information, stating that he or she has read this Protective Order and agrees to be bound by its provisions.

10. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any information designated by a party as CONFIDENTIAL must first be reviewed by his or its attorney who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL or otherwise implicates common law or statutory privacy interests.

11. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. Production of any document or materials without a designation of confidentiality, or an incorrect designation, will not be deemed to waive a later claim as to its proper designation nor will it prevent the producing party from designating said documents or material "CONFIDENTIAL" at a later date.

13.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion within thirty (30) days after the conclusion of the ten (10) business days requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is not timely filed, the disputed information shall not be treated as CONFIDENTIAL under the terms of this Protective Order. If a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

14.     In the event it is necessary for the parties to file CONFIDENTIAL information with the Court, the CONFIDENTIAL information shall be filed in accordance with the requirements of D.C.COLO.L.CivR 7.2, with an accompanying Motion to Restrict Access and a designation of the level of restriction sought.  <u>Nothing in this Order shall bind the court to restrict any pleading or exhibit.</u>

15.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of any document produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL information shall be treated at trial.

17. If a party receives a request, including but not limited to a subpoena in a legal or administrative proceeding, for the production of Confidential Information provided by another party or a nonparty, that party shall promptly notify the party or nonparty who provided the Confidential Information or its counsel, shall permit the producing party or nonparty to assert all appropriate objections, and shall decline to produce the Confidential Information on the basis of this Protective Order except upon court order entered after the notice and procedures set forth above have been followed.

18. In the event of an inadvertent disclosure by a party to another party of any Document or other information that is subject to a claim by the producing party that the Document or other information should have been marked Confidential but was not prior to copying and delivery of the Document or other information to another party, or that that Document or other information should have been withheld from disclosure as privileged or work product or by reason of some other limitation upon disclosure authorized by law, the disclosure of such Document or other information shall extend only to the Document or other information so inadvertently disclosed or produced and shall not extend to or affect the right to designate as Confidential, or to withhold from production as privileged or work product, any other Document or other information, even though such Documents or other information may relate to the same transaction or subject matter as the Document or other information inadvertently disclosed.

19. In the event of inadvertent production or disclosure of any Document or other information that the producing party believes should have been marked Confidential, the producing party may, upon discovery of such inadvertent disclosure or production, request the marking of any such Document or other information as Confidential and thereafter such Document or other information and all copies thereof shall be subject to the provisions of this Protective Order respecting the treatment of Confidential Information.

20. At the conclusion of this Lawsuit, unless other arrangements are agreed upon, all persons that received Documents designated as Confidential Information by another party or by any nonparty shall either: (i) return those Documents to the producing party; (ii) destroy those Documents and in addition shall destroy all copies of those Documents except deposition exhibits, exhibits to pleadings filed with the Court, and trial exhibits; or, (iii) retain those Documents consistent with a document retention policy and pursuant to the terms of this Protective Order. Where the persons destroy Confidential Documents, upon request the destroying person shall provide all parties with an affidavit confirming destruction.

21. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

22. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

8

DONE AND ORDERED this 2d day of September, 2015.

BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 2nd day of September, 2015.

| | |
|---|---|
| *s/ Mari Newman* | *s/ Thomas J. Wolf* |
| Mari Newman | Thomas J. Wolf |
| Darold W. Killmer | Michelle B. Ferguson |
| Julian Wolfson | Matthew A. Court |
| KILLMER, LANE & NEWMAN, LLP | IRELAND STAPLETON PRYOR & PASCOE, PC |
| 1543 Champa Street, Suite 400 | 717 17th Street, Suite 2800 |
| Denver, Colorado 80202 | Denver, CO 80202 |
| Phone: (303) 571-1000 | Phone: (303) 623-2700 |
| mnewman@kln-law.com | twolf@irelandstapleton.com |
| dkillmer@kln-law.com | mferguson@irelandstapleton.com |
| jwolfson@kln-law.com | mcourt@irelandstapleton.com |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

2163818.2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02224-RM-NYW

ANNE DIRKSE,

    Plaintiff,

v.

ALTICAST INC., and
ALTICAST CORP.,

    Defendants.

**ACKNOWLEDGEMENT OF RECEIPT OF CONFIDENTIAL MATERIAL**

I, _____, declare under the penalty of perjury, that:

(a)     My present residential address is _____;

(b)     My present employer is _____ and the address of my present employer is _____;

(c)     My present occupation or job description is _____;

(d)     I have received and carefully read the Protective Order dated _____, and understand its provisions. Specifically, I understand that I am obligated, under the Order of the Court, to hold in confidence and not to disclose the contents of anything marked "CONFIDENTIAL," except as permitted under the terms of this Protective Order. I will use the "Confidential" information solely for purposes relating to the above-captioned litigation. I will never use said information, directly or indirectly, in competition with the party designating information as "CONFIDENTIAL," nor will I permit others to do so. In addition to the

9

2163818.2

foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e) At the termination of this Lawsuit or at any time requested by counsel, I will return to counsel for the party by whom I am employed, all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting "Confidential" information, which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(f) I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Order, and I further understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the party designating information as "CONFIDENTIAL."

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.

| Date | Signature |
|---|---|
|  | Printed |